UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KIMBERLEY DIANNE PEASE,  )
                          )
    PLAINTIFF,             )
                          )
vs.                       )   CASE NO. 16-CV-353-FHM
                          )
NANCY A. BERRYHILL, Acting )
Commissioner of the Social Security )
Administration,           )
                          )
    DEFENDANT.             )

## OPINION AND ORDER

Plaintiff, KIMBERLY DIANNE PEASE, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

---

[1] Plaintiff Kimberly Dianne Pease's application was denied initially and upon reconsideration. A video hearing before an Administrative Law Judge (ALJ) Edmund C. Werre was held October 21, 2014. By decision dated December 11, 2014, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 14, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 41 years old on the alleged date of onset of disability and 42 on the date of the denial decision. Plaintiff has a high school education and attended some college. Her past work experience includes kennel attendant. Plaintiff claims to have become disabled as of August 22, 2013[2] due to back and hip problems, neck problems, depression, anger issues, memory problems, arthritis, hands and feet go to sleep, and sleep apnea. [R. 194].

## **The ALJ's Decision**

The ALJ found that Plaintiff has severe impairments relating to degenerative disc disease, osteoarthritis of the hands and feet, obesity, organic mental disorder/borderline intellectual functioning status post remote (1994) traumatic head injury, major depressive disorder, anger disorder, and personality disorder. [R. 13].

---

[2] Plaintiff amended the date of onset from July 26, 2013 to August 22, 2013. [R. 57].

The ALJ determined that Plaintiff has the residual functional capacity to perform light work with the exception of no more than occasional lifting up to twenty pounds; no more than the frequent lifting or carrying up to ten pounds; and standing/walking/sitting six hours out of an eight-hour workday. Plaintiff is able to understand, remember, and carry out simple instructions consistent with unskilled work that is repetitive and routine in nature; able to relate and interact with co-workers and supervisors on a work related basis only; and no to minimal interaction with the general public. Plaintiff can adapt to a work situation with these limitations, and her medications would not preclude her from remaining reasonably alert to perform required work functions presented in a work setting. [R. 15]. The ALJ determined that although Plaintiff cannot return to her past relevant work, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 20-21]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to give greater weight to the expert medical opinion of treating psychiatrist, Weldon Mallgren, D.O., which resulted in a flawed residual functional capacity (RFC). [Dkt. 22, p. 4].

### Analysis

A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent

3

with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003). If the ALJ decides that a treating source's opinion is not entitled to controlling weight, he must determine the weight it should be given after considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the treating source's opinion is supported by objective evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is given; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. See § 404.1527(d)(2)-(6).

Dr. Mallgren is the Medical Director of Grand Lake Mental Health Center, Inc., where Plaintiff was treated from August 22, 2013 to August 12, 2014. A *Medical Source Statement - Mental* (MSS-M) was signed by Dr. Mallgren on October 2, 2014 that indicated Plaintiff would have approximately four "bad days" per month which would cause her to leave prematurely or be absent from work. Plaintiff would be "off task" from her symptoms which would interfere with attention needed to perform even simple tasks twenty-five percent or more of the time. Plaintiff was found to have extreme limitations in her ability to: understand and remember detailed instructions; carry out detailed instructions; complete

4

a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; respond appropriately to changes in the work setting; be aware of normal hazards and take appropriate precautions; and travel in unfamiliar places or use public transportation.

Plaintiff was also found to have marked limitations in ability to: maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted by them; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. [R. 444-45].

The ALJ gave little weight to Dr. Mallgren's opinion noting:

> That opinion was not completed by Dr. Mallgren, rather it was completed by a nurse who went over the form with the claimant and asked her questions. Further still, Dr. Mallgren is the medical director of Grand Lake Mental Health and he saw the claimant by video. Further, the definitions on the form are not the agency definitions, if the claimant had ninety-percent reduction in the extreme categories, she should not be driving or doing anything outside a hospital. ...[N]ot consistent with the treatment notes from Grand Lake Mental Health, which indicate that the claimant's symptoms are controlled with medication.

[R. 19].

Plaintiff argues that, aside from her testimony, [R. 46-47], the ALJ provided no evidence that the MSS-M form was completed by a nurse rather than Dr. Mallgren. Further, the ALJ failed to explain why Dr. Mallgren's opinion was discounted because

5

contact with Plaintiff was by video[3]. Plaintiff contends that there are no "agency" definitions for the terms "moderately," "markedly," or "extremely," and the definitions contained on the MSS-M form provided Dr. Mallgren with a clear understanding of those terms and their vocational meaning. Moreover, Dr. Mallgren's position as Medical Director of the Grand Lake Mental Health Center, Inc., should enhance, rather than diminish, the weight given to his opinion. [Dkt. 22, p. 9]. Defendant responds that the ALJ evaluated the record as a whole, including Plaintiff's treating doctor's opinion, and determined an RFC supported by substantial evidence.

The court finds that the ALJ's decision does not demonstrate that the treating doctor's opinion was properly considered. The statement that the opinion was not completed by the doctor is not clearly supported by the record. Although the Plaintiff testified she answered questions for the nurse, it is not clear that the form signed by the doctor contains the Plaintiff's answers. Moreover, the doctor's signature clearly indicates the form represents his opinion.

The fact that the doctor is the medical director and saw Plaintiff by video is not relevant to the issue. Finally, the conclusory statement that the opinion is not consistent with the treatment notes and that symptoms are controlled with medication is insufficient without further discussion by the ALJ when treatment notes reflect that Plaintiff continued to suffer from mental health problems and there was no indication that the medications improved Plaintiff's condition to a level consistent with the RFC.

---

[3] The court is cognizant that Plaintiff appeared by video during the Administrative Hearing held before ALJ Edmund C. Werre on October 21, 2014.

**CONCLUSION**

The ALJ's decision is therefore REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 14th day of April, 2017.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE